Eumes J. GRIFFIN and Nolte Griffin, Plaintiffs-Appellees,

v.

HUNT TOOL COMPANY, Defendant-Appellant.

No. 26707.

United States Court of Appeals Fifth Circuit.

June 26, 1969.

Rehearing Denied Aug. 20, 1969.

N. B. Barkley, Jr., New Orleans, La., for appellant, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

Edward T. Diaz, Golden Meadow, La., for appellees, Diaz & Herrin, Golden Meadow, La., of counsel.

Before TUTTLE, GEWIN, Circuit Judges, and COMISKEY, District Judge.

PER CURIAM:

On May 3, 1966 the Southerner, an inland tug, owned by the appellees, was brought to the Hunt Tool Company Shipyard to have repairs made to her propellers. At that time the appellant removed and retained possession of both of the Southerner's propellers until July 22, 1966. Appellees then instituted suit against Hunt Tool Company for the conversion of the propellers and for the loss of earnings of the Southerner during the time the propellers were in appellant's possession.

This is an appeal from the District Court's finding that appellant had unlawfully retained the propellers and from the award of damages granted by that court.

Whenever an action is tried without a jury the court shall make Findings of Fact and Conclusions of Law thereon. These Findings of Fact will not be set aside, on appeal, unless they are clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness. Fed.R.Civ.P. 52(a); Southern Stevedoring and Contracting Company v. Hellenic Lines, Limited, 388 F.2d 267 (5th Cir. 1968).

At the termination of the trial on the merits the District Judge dictated preliminary Findings of Fact into the record and thereafter entered formal Findings of Fact and Conclusions of Law. While the extent of the preliminary Findings may have been somewhat incomplete, when read with the formal Findings of Fact and Conclusions of Law, later entered by the court, we are convinced that they are not clearly erroneous.

Appellants remaining point on appeal is a complaint that the trial judge curtailed cross-examination of one of appellees' witnesses. This point is without merit and shows no abuse of the trial judge's discretion.

Affirmed.